1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

DARREN BENEVIDES,

        Defendant.

Case No.  2:20-MJ-04302

ORDER OF DETENTION

I.

On September 10, 2020,  Defendant Darren Benevides made his initial

appearance in this district on the criminal complaint filed in the District of

Massachusetts.  Deputy Federal Public Defender Howard Shneider was appointed to represent Defendant.  A detention hearing was held.

☒     On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒     On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

     ☒     Bail resources unavailable.

     ☒     Prior warrants

     ☒     Unrebutted Presumption.


As to danger to the community:

     ☒     Allegations in the complaint that Defendant actively participated in a conspiracy to sell methamphetamine.

     ☒     Substance abuse issues.

     ☒     Prior drug-related conviction.

     ☒     Unrebutted Presumption.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial and be transported to the United States District Court for the District of Massachusetts for further proceedings.  This Order is without prejudice.  The Court directed both government counsel and defendant's counsel to follow up with government counsel in the District of Massachusetts regarding Defendant's next scheduled appearance, and the status of Defendant's transportation to, and arrival in, the charging district for the appearance.


The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in

which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: September 14, 2020

PATRICIA DONAHUE
_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE